IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| IN RE: | § | |
| | § | |
| CGE REAL ESTATE HOLDINGS, LLC | § | CASE NO. 19-40007-mxm |
| | § | |
| DEBTOR | § | CHAPTER 11 |

| | | |
|---|---|---|
| YYP GROUP, LTD | § | |
| | § | |
| vs. | § | ADV. NO. _____ |
| | § | |
| CGE REAL ESTATE HOLDINGS, LLC, | § | |
| RUSSELL ALLEN LAIRD, AND | § | |
| AARON CAIN McKNIGHT | § | |

**COMPLAINT FOR CIVIL CONTEMPT**

To The Honorable Bankruptcy Court:

Comes Now YYP GROUP, LTD. ("Plaintiff" or "YYP"), and files the above numbered Complaint seeking that this Court hold Defendants in civil contempt for violation of its Order as follows:

**I.**

**Parties, Jurisdiction and Venue**

1. This Court has jurisdiction over this Complaint pursuant to 28 U.S.C. § 1334 and 28 U.S.C. § 157(b)(2)(A)(G) and 1334 as the enforcement of court orders entered during a bankruptcy case constitutes a core matter.

2. Venue is proper before this court.

3. Defendant, CGE Real Estate Holdings, LLC ("CGE" or "Defendant CGE") is the Debtor and Defendant in this matter. CGE may be served by mailing a copy of the summons and complaint by

first class mail, postage prepaid, to its agent for service, Russell Allen Laird, at his home located at 8412 Desert Falls Drive, Fort Worth, Texas 76137, and to its attorney, Eric Liepins.

4. Defendant, Russell Allen Laird ("Laird" or "Defendant Laird") is the sole member of the Debtor LLC in this matter. Laird may be served by mailing a copy of the summons and complaint by first class mail, postage prepaid, to his home located at 8412 Desert Falls Drive, Fort Worth, Texas 76137, and at his place of business located at 1717 McKinney Avenue, Suite 700, Dallas, Texas 75202.

5. Defendant, Aaron Cain McKnight ("McKnight" or "Defendant McKnight") claims an interest in the Debtor's assets and is a Defendant in this matter. McKnight may be served by mailing a copy of the summons and complaint by first class mail, postage prepaid, to his place of residence located at 3624 Shenandoah Street, Dallas, Texas 75205, and at his place of business located at 1717 McKinney Avenue, Suite 700, Dallas, Texas 75202.

6. YYP is a creditor in this bankruptcy case and was the first lienholder on the real property previously owned by Debtor located at 3624 Shenandoah Street, Dallas, Texas 75205 ("the Property").

7. Defendants Laird and McKnight are Guarantors of the debt owing by Debtor to YYP.

## II.

### STATEMENT OF FACTS

8. This case was commenced by the filing of a voluntary petition on January 1, 2019 by Defendant CGE [Docket No. 1].

9. YYP filed a Motion for Relief from Stay regarding the Property on January 23, 2019 [Docket No. 10].

10. On or about March 14, 2019, Debtor and Plaintiff entered into an Agreed Order [Docket No. 23] ("the Agreed Order") providing, among other things, that:

(a) YYP has a valid perfected first lien on the Property;

(b) YYP was allowed to take all steps necessary and required to post the Property for a May 7, 2019 foreclosure sale;

(c) If YYP was not paid in full on the Indebtedness owing by CGE on or before May 6, 2019, the automatic stay shall be terminated. YYP was allowed to proceed with the foreclosure;

(d) CGE agreed to not take any action whatsoever in any court or otherwise to delay, impede, postpone or otherwise interfere with YYP's rights to foreclose on the Property on May 7, 2019; and

(e) **Further, CGE and/or anyone acting on its behalf or at its direction is specifically prohibited from seeking injunctive relief in an attempt to delay the May 7, 2019 sale.**

11. Pursuant to the terms of the Order, YYP properly took the steps necessary to post the Property for a May 7, 2019 foreclosure sale. YYP was not paid in full on or before May 6, 2019.

12. Despite being aware of the Agreed Order and its terms, Defendant McKnight filed his Original Petition, Application for Ex Parte Temporary Restraining Order and Temporary Injunction at 11:14 p.m. on May 6, 2019, seeking to enjoin the May 7, 2019 foreclosure sale ("the Injunction Pleading").

13. In his Injunction Pleading, Defendant McKnight contends he allegedly entered into a Joint Venture Agreement ("JVA") with Debtor CGE / Defendant Laird to finance the purchase of the Property. McKnight's own pleading indicates he was aware of the bankruptcy, the terms of the Agreed Order, and the deadline for payment under such Order. McKnight sought to enjoin the sale or transfer of any assets of McKnight, including the Property, although he has never owned the Property or had any ownership interest in the entity which owned the Property.

14. Defendant Laird is the sole member of the Debtor and a party to the alleged JVA.

### III.

### CONTEMPT

15. Plaintiff asserts that Defendants should be held in civil contempt for violation of the Agreed Order. The filing of the Injunction Pleading was a violation of the Order in that "the Debtor and/or anyone acting on its behalf or at its direction" is specifically prohibited from seeking injunctive relief.

16. A bankruptcy court may issue any order, including a civil contempt order, necessary or appropriate to carry out the provisions of the Bankruptcy Code. *Placid Ref. Co. v. Terrebonne Fuel & Lube (In re Terrebone Fuel & Lube)*, 108 F.3d 609, 613 (5th Cir. 1997). This Court has inherent authority to enforce its own orders, and may enforce such orders by civil contempt proceedings.

17. Judicial sanctions may be imposed in a civil contempt proceeding for either, or both, of two purposes: to coerce Defendants into compliance with the Court's Order and/or to compensate Plaintiff for losses sustained. Although McKnight has no ownership interest in the Property, and no standing to assert a wrongful foreclosure claim, he filed the Injunction Pleading because CGE and Laird were expressly prohibited from doing so under the terms of the Agreed Order. Plaintiff will show that each of the Defendants was aware of the Order and that McKnight was acting on the behalf of, or at the direction of CGE, when he filed the Injunction Pleading in an attempt to preserve the sole asset of Debtor.

18. Such conduct by Defendants warrants a sanction of damages against each Defendant. Although a finding of willfulness is not necessary or prerequisite for damages, Plaintiff would further show the Injunction Pleading was willfully filed by McKnight on behalf of or at the direction of CGE.

19. Plaintiff requests that this Court enforce its Order by ordering McKnight to dismiss the Injunction suit, with prejudice. Further, Plaintiff requests the entry of an Order further prohibiting the filing of any suit by CGE in any court and in any way related to the May 7, 2019 foreclosure sale on the Property.

20. Further, Plaintiff seeks sanctions and compensation for its losses sustained by Defendants' violation of the Agreed Order. Such losses include attorneys' fees and costs and expended damages from the delayed sale or rental of the Property. Such damages are in the amount of at least $50,000.00.

### IV.

### REQUEST AND RELIEF

WHEREFORE, PREMISES CONSIDERED, Plaintiff YYP GROUP, LTD. prays that the Court issue an Order for civil contempt against each of the Defendants, requiring Defendants to dismiss the

Injunction Pleading with prejudice, and further enter judgment in the amount of at least $50,000.00 in favor of YYP against Defendants CGE, Laird and McKnight, jointly and severally, and for such other and further relief to which Plaintiff may show itself justly entitled.

Dated: July 26th, 2019.

                                           Respectfully submitted,

                                           JONES, ALLEN & FUQUAY, L.L.P.
                                           8828 Greenville Avenue
                                           Dallas, Texas 75243
                                           (214) 343-7400 (Telephone)
                                           (214) 343-7455 (Facsimile)

                                           By:   /s/ Laura L. Worsham
                                                       Laura L. Worsham
                                                        State Bar No. 22008050
                                                       lworsham@jonesallen.com
                                                        Kevin J. Allen
                                                       State Bar No. 00786973
                                                       kallen@jonesallen.com
                                                       ATTORNEYS FOR YYP GROUP, LTD.